IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ART AGUILAR and MARISOL AGUILAR, | Case No. 3:24-cv-00913-JR |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATION |
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, | |
| Defendants. | |

RUSSO, U.S. Magistrate Judge:

Plaintiffs Art Aguilar and Marisol Aguilar move to file an amended complaint against defendant Homesite Insurance Company of the Midwest pursuant to Fed. R. Civ. P. 15. For the reasons stated below, plaintiffs' motion should be granted.

## STANDARDS

Pursuant to Rule 15, leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15. Courts apply Rule 15 with "extreme liberality." *Eminence Capital,*

Page 1 – FINDINGS AND RECOMMENDATION

*LLC v. Aspeon,* Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers four factors: (1) undue delay; (2) bad faith; (3) futility; and (4) prejudice to the opposing party. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted).

These factors are not weighted equally: "futility of amendment alone can justify the denial of a motion [to amend]." *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009). A proposed amendment is futile if it would be immediately "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Thus, the proposed complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Sonoma Cnty. Ass'n of Retired Emps. V. Sonoma County,* 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

This court, sitting in diversity, will apply federal procedural law in deciding plaintiffs' motion for leave to file a first amended complaint.

## PROCEDURAL BACKGROUND

On July 4, 2023, plaintiffs suffered a fire loss and submitted a claim to their property insurer, defendant Homesite Insurance Company of the Midwest. On May 5, 2024, plaintiffs

Page 2 – FINDINGS AND RECOMMENDATION

filed a complaint for breach of the insurance contract in Multnomah County Circuit Court, Oregon. On June 7, 2024, defendant removed plaintiffs' action to this Court.

On June 4, 2025, plaintiffs' counsel provided defendant a proposed first amended complaint requesting defendant's consent to the proposed amendment. On June 16, 2025, defendant's counsel advised that defendant declined to consent. This motion followed.

## DISCUSSION

Via the proposed first amended complaint ("FAC"), plaintiffs seeks leave to (i) increase the amount of damages claimed for emotional distress damages; and (ii) to add a prayer for punitive damages. Defendant opposes plaintiffs' motion as untimely and futile for failure to state a claim. Defendant further requests the Court exercise its powers pursuant to Fed.R.Civ.P. 1 and 16 requiring plaintiffs to "provide a direct statement of evidence to support and renewed requests to seek punitive damages, in accordance with sound Oregon state law."

In carefully reviewing the *Foman* factors, the Court finds those factors clearly weigh in favor of allowing the requested amendment. Further, pursuant to Rule15(a)(2), considering whether plaintiffs should be allowed to plead punitive damages – leave to amend a pleading should be granted in the absence of a fatal defect not subject to cure through further amendment that is apparent on the face of the proposed new pleading. *See United States ex rel. Insoon Lee v. SmithKline Beecham, Inc.* 245 F.3d 1048, 1052 (9th Cir. 2001). *See also*, *McLean v. Pine Eagle Sch. Dist., No. 61*, 194 F.Supp. 3d 1102, 1127 n.12 (D. Or. 2016).

Regarding defendant's futility argument, the Court rejects that argument finding the proposed amendment not futile. *See Hoffman v. USAA Casualty Insurance Company*, 3:24-cv-984-SB (D. Or. July 9, 2025). As for defendant's issue around the motion's timing, the Court finds no prejudice to the defendant noting that trial has not yet been scheduled, and discovery is ongoing.

Page 3 – FINDINGS AND RECOMMENDATION

Given that plaintiffs' theories and operative factual allegations remain the same, defendant will not suffer any prejudice as a result of plaintiffs' addition of a punitive damages request.

## RECOMMENDATION

For the foregoing reasons, plaintiffs' Motion for Leave to File First Amended Complaint (doc. 8) should be granted. Any motion to amend the complaint must be filed within 30 days of the District Judge's order.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 4th day of November, 2025.

                                                          /s/ Jolie A. Russo
                                                             Jolie A. Russo
                                          United States Magistrate Judge